# EXHIBIT 7

**Karen B. Tripp**
*Attorney at Law*
**P.O. Box 1301**
**Houston, Texas 77251-1301**
**(713) 658-9323** ***Telephone***
**(832) 798-7576** ***Cell/Text***
***ktripp@tripplaw.com***
***tripp.karen@gmail.com***

April 30, 2025

*Via Email dstaub@fbtlaw.com*
*Confirmation via First Class Mail--Certified*
Derek Staub, Esq.
Frost Brown Todd
2101 Cedar Springs Road, Suite 900
Dallas, TX. 75201

Re: Barbara and Michael O'Neill v. Misty Mountain USA LLC, BarbaraOneill.com LLC and Emma M. Loberg

Dear Mr. Staub,

Thank you for forwarding your client's alleged assignment documents involving properties of Barbara O'Neill. As you know, I represent Barbara and Michael O'Neill.

My clients adamantly contest the validity of any transfer whatsoever of their intellectual property rights in any form to Mrs. Emma Magnolia Loberg. The "Intellectual Property Assignment Agreement" dated February 3, 2025 that you forwarded, allegedly or purporting on its face to be signed by Barbara Esther O'Neill, is fraudulent. The notarization purportedly attached to the assignment is of no effect. Barbara O'Neill was in Georgia on February 3, 2025, and the online notary from Florida failed to comply fully with the laws of Georgia regarding proper notarization.

Moreover, the law is clear that the property allegedly or purportedly conveyed in that February 3, 2025 agreement cannot be conveyed unintentionally, inadvertently, by accident, or by mistake. The very nature of the signature and circumstances of the electronic signatures thereon beg questions, especially considering that Mrs. O'Neill was very tired and even sick on February 3, 2025, having just arrived at her Georgia destination from Australia (via Dubai). Those questions are compounded given that Mrs. O'Neill and Mrs. Loberg are respectively mother and daughter.

Moreover, Mr. and Mrs. O'Neill have been helping Mrs. Loberg with Mrs. Loberg's business, and they thought that Mrs. Loberg, in turn, was helping them with internet matters and some logistical matters related to printing and selling of Mrs. O'Neill's books in the United States, among other things. Such familial help, however, was never intended to be any form of

conveyance to Mrs. Loberg, and Mrs. Loberg well knows that. Mrs. Loberg was supposed to be stating Mrs. O'Neill as the owner of the properties bearing her name, not Mrs. Loberg as the owner. Mrs. Loberg has violated the trust of her family in her efforts to grab and claim her mother's intellectual property for her own.

Moreover, Mrs. Loberg's uses of Mrs. O'Neill's name in a web domain address, in a business name, and in trademarks for Ms. Loberg's business are highly confusing to the public, suggesting to the public, incorrectly, that Mr. and Mrs. O'Neill own, control, sponsor, or support Mrs. Loberg's business. As you know, my clients have a duty to prevent marketplace confusion.

Please consider this a cease and desist letter. We are asking that your client, Mrs. Loberg, now stop using, claiming, and asserting the alleged or purported, but bogus and fraudulent, intellectual property assignment agreements. We are also asking that Mrs. Loberg also now stop using Barbara O'Neill's name, likeness, trademarks, domain name, products, and books in a manner and for a purpose that continues the confusion Mrs. Loberg is causing in the marketplace. This confusion is not tolerable.

Further in this regard, Mrs. Loberg needs to release immediately to my clients funds she is withholding for the sale of my clients' books. Mrs. Loberg should be handling those funds consistent with the course of business she has established with my clients over the years, and not under some new claim she is now making after the printing of those books. Her attempt to do otherwise is another act of bad faith and in my opinion highly improper conduct. Mrs. Loberg should also return or provide to my clients any and all of my clients' books she has in her possession.

This letter addresses serious matters, and is not a letter to be taken lightly. Please advise your client of the likely impending consequences under the law of her deceitful and fraudulent actions. **Please advise me by May 9, 2025** of your client's agreement to immediately relinquish to Mr. and Mrs. O'Neill all of Mrs. Loberg's claims to the intellectual property of Mr. and Mrs. O'Neill, including without limitation all copyrights in their books and works, Mrs. O'Neill's trademarks, persona, and rights of publicity and privacy, as well as the domain name including Mrs. O'Neill's name.

Sincerely yours,

Karen Tripp

Karen B. Tripp

Frost Brown Todd ATTORNEYS
**Derek R. Staub**
**Partner**
214.580.5826 (t)
214.507.3841 (m)
214.545.3473 (f)
dstaub@fbtlaw.com

May 6, 2025

**Via Electronic Mail - ktripp@tripplaw.com**

Karen B. Tripp
Attorney at Law
P.O. Box 1301
Houston, TX 77251-1301

Re: Barbara and Michael O'Neill v. Misty Mountain USA LLC, BarbaraOneill.com LLC, and Emma M. Loberg

Dear Ms. Tripp,

We are in receipt of your letter dated April 30, 2025, and write to respond on behalf of our client, Emma M. Loberg.

First and foremost, your allegations of fraud, misconduct, and misappropriation are categorically denied. The February 3, 2025 Intellectual Property Assignment Agreement was lawfully executed by Barbara O'Neill, with full understanding of its contents. The agreement was notarized in accordance with applicable law and reflects a deliberate, considered, and enforceable transfer of rights. Allegations that Barbara O'Neill was "tired," "sick," or otherwise mentally compromised on the date of signing are unsupported by any competent evidence and fall far short of the standard required to invalidate a contractual agreement.

We are also compelled to raise a broader concern about the narrative advanced in your letter. It reflects—almost verbatim—the version relayed by Michael O'Neill: that this matter stems from innocent family cooperation gone awry, with both parties casually "helping" each other. Respectfully, this depiction is not only incomplete, it is fundamentally inaccurate.

Our client's account of the past several years tells a markedly different story—one defined by consistent labor, sacrifice, and dedication on Ms. Loberg's part, and marked disengagement and exploitation on the part of Michael O'Neill. Ms. Loberg did not opportunistically seize control of anything. Rather, she stepped in at a time when the business was in disarray and unsustainable, restored operations, coordinated logistics, oversaw fulfillment, and promoted the brand at every turn—often while Mr. O'Neill remained abroad and uninvolved.

In fact, Mr. O'Neill has admitted that he sees his wife only two or three times per year. While

he travels the world, it is Ms. Loberg—and at times, Barbara O'Neill herself—who shoulders the operational and financial burdens of sustaining the business. Ms. Loberg's contributions are not speculative or aspirational—they are documented, ongoing, and the very reason the brand still has value. That Barbara O'Neill agreed to transfer her North American intellectual property to Emma was not the result of confusion or fatigue; it was the product of years of trust, effort, and acknowledgment that Emma was the one truly stewarding the work forward.

Your characterization of Ms. Loberg's conduct as "deceitful" and "fraudulent" is both false and inflammatory. We caution against repeating such baseless claims. Your request that Ms. Loberg now relinquish rights lawfully granted to her, abandon her business, and return proceeds from sales generated by her labor, is not only legally unsupportable—it borders on harassment.

With respect to your claim that Ms. Loberg is "withholding" funds, we note that she has always handled financial matters in a manner consistent with the parties' course of dealing and contractual entitlements. To the extent your clients believe there are accounting matters to resolve, we are open to a mutual reconciliation supported by documentation. What we will not entertain is a one-sided demand masquerading as moral outrage.

Should your clients be interested in resolving this matter constructively, Ms. Loberg remains open to discussion. However, that discussion must begin with an acknowledgment of the true facts and a willingness to engage in good faith. Our client will not be intimidated into abandoning her work, her rights, or her integrity based on a version of events that crumbles under scrutiny.

Please direct further communications to our office. We are fully prepared to defend our client's interests in litigation if necessary, but we encourage you to reexamine the information provided to you—and consider whether you are hearing the full story.

Respectfully

Derek R. Staub

**Karen B. Tripp**
*Attorney at Law*
**P.O. Box 1301**
**Houston, Texas 77251-1301**
**(713) 658-9323** ***Telephone***
**(832) 798-7576** ***Cell/Text***
***ktripp@tripplaw.com***
***tripp.karen@gmail.com***

May 19, 2025

*Via Email dstaub@fbtlaw.com*
*Confirmation via First Class Mail--Certified*
Derek Staub, Esq.
Frost Brown Todd
2101 Cedar Springs Road, Suite 900
Dallas, TX. 75201

Re: Barbara and Michael O'Neill v. Misty Mountain USA LLC, BarbaraOneill.com LLC and Emma M. Loberg

Dear Mr. Staub,

This is in reply to your letter dated May 6, 2025 and further to my letter dated April 28, 2025.

Ms. Barbara O'Neill adamantly refutes that Ms. Emma Loberg's "February 3, 2025 Intellectual Property Assignment Agreement was lawfully executed by Barbara O'Neill" as you claim. You have not shown and cannot show any consideration for the Agreement, nor can you explain the surreptitious and shameful circumstances for its execution. A legitimate agreement does not become executed in such a manner as this alleged "agreement" your client is attempting to enforce.

Your position and Ms. Loberg's actions continue to perpetuate the wrongdoing by Ms. Loberg, which indeed sounds like fraud as defined in law in my opinion. Your client has no legitimate rights to Barbara O'Neill's identity, work product, or creations.

We hereby demand that Ms. Loberg immediately stop:

(1) holding herself out as representing or acting for Barbara O'Neill;
(2) holding herself and her products out as sponsored by, authorized by, or endorsed by Barbara O'Neill;
(3) representing or claiming that she owns any intellectual property of Barbara O'Neill;

(4) withholding funds and copies of any printed books and materials due Barbara O'Neill and/or Michael O'Neill
(5) using for her own business and purposes the domain name: barbaraoneill.com

We further hereby demand that Ms. Loberg immediately assign that domain name barbaraoneill.com to Barbara O'Neill.

We also demand that Ms. Loberg immediately assign all copyright registrations she holds for books by Barbara O'Neill—"Self Heal by Design: The Role of Micro-Organisms for Health" and any and all derivatives thereof, and "Sustain Me A Handbook of Natural Remedies" and any and all derivatives thereof—to Barbara O'Neill, and by Michael O'Neill—"The Assassination of Barbara O'Neill" including any and all derivatives thereof—to Michael O'Neill.

We further demand that Ms. Loberg immediately assign all trademark registrations or applications for trademark registration that she holds for any and all Barbara O'Neill trademarks (or service marks) to Barbara O'Neill.

Ms. Loberg is NOT Barbara O'Neill and she has no right to confuse the public into thinking she is Barbara O'Neill or that Barbara O'Neill has endorsed Ms. Loberg or any of Ms. Loberg's actions or products on the barbaraoneill.com website.

Ms. Loberg has no right to confuse the public into thinking that Barbara O'Neill has licensed or assigned to Ms. Loberg or any companies of Ms. Loberg any intellectual property or any right of publicity of Barbara O'Neill. Barbara O'Neill has never intended to do so, and Ms. Loberg well knows it.

Please advise me of your clients' full and complete compliance with this letter no later than the close of business Friday, May 23, 2025.

Very truly yours,

Karen B. Tripp

Karen B. Tripp