**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **SHBD, LLC, BARBARA O'NEILL, and MICHAEL O'NEILL** | § § § | |
| **v.** | § § | **No. 4:25-CV-00183-WMR** |
| **EMMA M. LOBERG, MISTY MOUNTAIN USA LL, AND BARABRAONEILL.COM LLC** | § § § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR TO TRANSFER VENUE IN THE ALTERNATIVE AND MEMORANDUM OF LAW IN SUPPORT**

---

Defendants Emma Loberg, Misty Mountain USA LLC, and BarbaraONeill.com LLC (collectively, "**Defendants**"), by and through their undersigned counsel, respectfully move to dismiss the Complaint [ECF 3] filed by Plaintiffs SHBD, LLC, Barbara O'Neill and Michael O'Neill (collectively, the "**Plaintiffs**") pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction and improper venue. In the alternative, should the Court find that dismissal is not appropriate, Defendants move to transfer this case pursuant to 28 U.S.C. § 1404(a) to the Western District of Wisconsin—or failing that, to the Northern District of Texas—because every operative witness, document, and transaction is anchored in one of those districts, while Georgia has

no meaningful connection to the dispute. In support of this motion, Defendants show the Court as follows:

## I. INTRODUCTION

This lawsuit is a Wisconsin business dispute wrapped in Georgia stationery. Plaintiffs allege that (a) Defendant Emma Loberg resides in Baldwin, Wisconsin, (b) Defendants Misty Mountain USA and BarbaraOneill.com LLC are Wisconsin limited liability companies, each with an address in Baldwin, Wisconsin, (c) Defendants operate a website, BarbaraOneill.com, through which they promote Barbara O'Neill speaking engagements and sell a range of Barbara O'Neill branded products, including books that Defendants print and distribute, and (d) Defendant Emma Loberg allegedly coerced Plaintiff Barbara O'Neill into assigning her intellectual property rights pursuant to an Intellectual Property Assignment Agreement (attached to the Complaint as Exhibit A (the "**Assignment**")) while the parties were briefly located in Georgia. (Compl. ¶¶ 6-8, 18-20, 48-50 and Exhibit A Complaint).

The operative facts, witnesses, and evidence in this case are overwhelmingly centered in and around Western Wisconsin. Every physical copy of the books at issue in the Complaint is stored in a dedicated warehouse in Baldwin, Wisconsin. (Affidavit of Emma M. Lobert, attached here to as Exhibit A ("Affidavit") at 10). Every aspect of the books' distribution—printing, shipping, invoicing and

payment—is handled through facilities and financial institutions based in Baldwin, Wisconsin. *Id* at 11-14. Every material record, including ledgers, invoices, accounting workpapers and assignment documentation, is maintained in Baldwin, Wisconsin.[1] *Id*. Every material witness with firsthand knowledge of the facts alleged in the Complaint, including warehouse staff, printers, shippers, accountants, personal assistants and the Defendants, reside in or near Baldwin, Wisconsin. *Id*.

Plaintiffs, by contrast, reside in Australia and Dubai, and their company (Plaintiff SHBD, LLC) is incorporated in Wyoming with a principal place of business in Texas. (Compl. at ¶¶ 3-5). Plaintiffs' *sole* asserted link to Georgia is an allegation that the Intellectual Property Assignment Agreement—attached to the Complaint as Exhibit A (the "**Assignment**")—was electronically signed in Georgia. Yet that agreement contains a Wisconsin choice-of-law provision and was notarized by a Florida notary. (Complaint ¶¶ 11-17 and Exhibit A to Complaint). No other conduct is alleged to have occurred in Georgia. (*See generally* Complaint). This single, isolated allegation falls far short of establishing that a substantial part of the events giving rise to the claim occurred in this District, particularly where the Assignment itself did little to alter the parties' actual business relationship.

[1] Records are also maintained by Defendants' CPA in Minnesota.

In fact, most of the actions Plaintiffs now complain of in the Complaint, were already well underway before the Assignment was executed. Defendants had been printing, marketing and distributing the books at issue long before the Assignment. Affidavit at 5-9. On June 30, 2023, Defendant Emma Loberg launched mistymountainusa.com, secured payment processing, and began selling Barbara O'Neill-authored books, along with a small line of BARBARA O'NEILL-branded herbal teas, skin-care creams, and other products. *Id*. In January 2024, she purchased the domain name BarbaraOneill.com. *Id* at 15. And on July 16, 2024, Plaintiff Barabra O'Neill signed a form authorizing Defendants to register the trademark "BARBARA O'NEILL." (Compl. ¶¶ 22-23). Each of these acts occurred outside of Georgia and predate the Assignment by at least two years.

This case should be dismissed for lack of personal jurisdiction and/or improper venue or, in the alternative, transferred to the Western District of Wisconsin—where all Defendants reside and where the relevant events and evidence are centered. If the Court determines that dismissal is not warranted and that the Western District of Wisconsin is not the appropriate forum, then Defendants request that the Court transfer this case to the Northern District of Texas, where Plaintiffs' fulfillment hub is located[2], as that venue would still better serve the convenience of

[2] *See* Complaint at ¶3.

the parties and witnesses than maintaining venue in a district with no substantive connection to the controversy. Either course of action would promote the interests of justice by placing the litigation in a forum that bears a substantial relationship to the underlying facts, rather than in a forum lacking any meaningful connection to the dispute or the parties involved.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Nonresident Defendants are Not Subject to the Personal Jurisdiction of this Court.

Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction over a non-resident defendant. *Cole v. Christopher Young*, No. 1:24-cv-1897-MHC-JKL, 2024 U.S. Dist. LEXIS 203983, at *11 (N.D. Ga. Nov. 8, 2024) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). When, as here, the defendant controverts the plaintiff's allegations, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Power Guardian, LLC v. Directional Energy Corp.*, 904 F. Supp. 2d 1313, 1319 (M.D. Ga. 2012) (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)). Although the Court must draw all reasonable inferences in plaintiff's favor, it need not accept the plaintiff's allegations as true where the defendant presents evidence to the contrary. *Cole*, 2024 U.S. Dist. LEXIS 203983, at *11.

In determining whether personal jurisdiction exists, district courts apply a two-step analysis: (1) the exercise of jurisdiction must be authorized by Georgia's long-arm statute; and (2) it must comport with the Due Process Clause of the Fourteenth Amendment. *Power Guardian*, 904 F. Supp. 2d at 1319. This two-step inquiry is necessary because Georgia's long-arm statute does not provide jurisdiction to federal courts that is coextensive with due process. *Id*. In other words, jurisdiction that might appear to be conferred under Georgia's long-arm statute but may nonetheless be negated by due process.

Plaintiffs allege that this Court has personal jurisdiction over the Defendants because Defendant Emma Loberg allegedly coerced Plaintiff Barbara O'Neill to execute the Assignment in Georgia. (Compl. at ¶11). Under Georgia's long-arm statute, a nonresident may be subject to jurisdiction in the forum if they commit an intentional tort in the forum and such act creates a substantial connection to the forum state. *Clowers Communs., LLC v. SkyCom USA, LLC*, No. 1:14-CV-291-ODE, 2014 U.S. Dist. LEXIS 186259, at *16 (N.D. Ga. Dec. 16, 2014) (citing *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1123 (2014)). However, in the context of contractual disputes, to which these circumstances are analogous, "it is insufficient to rely on a defendant's random, fortuitous, or attenuated contacts" with the forum to create jurisdiction. *Id*. "Injury to the plaintiff in the forum, alone, is

insufficient; the injury is relevant to the jurisdictional inquiry only insofar as it shows that the defendant has formed a contact with the forum State." *Id*.

Here, Defendants lack the requisite minimum contacts with Georgia to support personal jurisdiction. To establish personal jurisdiction, Plaintiffs rely solely on the fact that the Assignment was electronically signed in Georgia.[3] But this isolated and incidental act is legally insufficient to establish personal jurisdiction, particularly where the core conduct giving rise to Plaintiffs' claims, such as the printing, marketing and sale of the books and operation of the related website, began well before the Assignment was executed and occurred entirely in Wisconsin. The mere fact that the Assignment was purportedly fraudulently executed in Georgia is entirely fortuitous. Plaintiffs would suffer the same alleged injuries regardless of where the signing occurred, and indeed, arguably, even if the Assignment was never executed at all. *Compare Clowers*, 2014 U.S. Dist. LEXIS 186259, at *16 (holding that in a contract dispute, the plaintiff's financial injury, though felt in Georgia, would have been the same regardless of where the plaintiff was located).

Accordingly, because Defendants have no meaningful connection to Georgia, Defendants' motion to dismiss due to lack of personal jurisdiction should be granted.

[3] However, as noted above, the Assignment was electronically acknowledged and notarized by a Notary located in Palm Beach, Florida.

**B. Venue in the Northern District of Georgia is Improper.**

When a defendant challenges venue under Rule 12(b)(3), the burden shifts to the plaintiff to establish that venue is proper in the selected forum. *Scott v. Bently*, No. 1:14-CV-1039-RWS, 2015 U.S. Dist. LEXIS 1156, at *9, 2015 WL 92229, at *3 (N.D. Ga. Jan. 6, 2015); *Aung Lin Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). In evaluating a Rule 12(b)(3) motion, the court accepts the allegations of the complaint as true unless contradicted by the defendant's affidavits. *Aung Lin Wai*, 315 F. Supp. 2d 1261 at 1268. Where such contradictions exist, the Court may consider matters outside the pleadings to determine whether venue is proper. *Id.*

Plaintiffs assert venue under 28 U.S.C. §1391(b)(2), claiming that the alleged fraudulent execution of the Assignment supports venue in this District. (Compl. ¶ 13). But Section 1391(b)(2) requires more. It requires that a "substantial part" of the events giving rise to the claim occurred in the chosen forum. This requires the Court to look at the entire sequence of events underlying the claim, not just a single triggering event. *SE Prop. Holdings, LLC v. Center*, No. 15-0033-WS-C, 2015 U.S. Dist. LEXIS 95168, at *5 (S.D. Ala. July 21, 2015); *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009); *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *Cox v. Sullivan*, No. 14-CV-206-TCK-FHM, 2014 U.S. Dist. LEXIS 121899, at *7 (N.D. Okla. Sep. 2, 2014).

Here, all Defendants reside in Wisconsin, and none reside in Georgia. The books, the primary property at issue, are stored exclusively in Wisconsin. And the events central to Plaintiffs' claims all occurred outside Georgia: the Assignment was recorded—and subsequently performed—exclusively in Wisconsin; all actions complained of in the Complaint, both before and after the Assignment, took place in Wisconsin; the first USPTO application for the "BARBARA O'NEILL" mark was filed from Wisconsin; the website was created in and is maintained from Wisconsin; books and other products containing the tradename are printed, stored, and shipped from Wisconsin; and all accounting and payment operations run through Wisconsin facilities or neighboring Minnesota. *See* Affidavit, *generally*.

Plaintiffs' sole Georgia allegation is relatively minor: that the Assignment was electronically signed there. But even if that were considered by the Court, it would observe that the Assignment includes a Wisconsin choice-of-law clause and was notarized in Florida, concerning assets and conduct located exclusively outside Georgia.[4] The allegation that the Assignment was electronically signed in Georgia is the *only* event Plaintiffs connect to this forum. Every subsequent act complained of in the Complaint—including the filing of the Assignment, the use of the marks, and

[4] In Plaintiffs Motion for a Temporary Restraining Order and Preliminary Injunction (the "**Motion**"), Plaintiffs' admit that Wisconsin law is referenced as the controlling law for the Assignment. (Motion, p. 13).

the distribution and sale of the books—occurred elsewhere. A lone electronic signature—untethered to the underlying alleged harm—is not sufficient to establish that a "substantial part" of the relevant events occurred in this District. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) (adopting the holding in *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995), which held venue dismissal proper where events such as contract execution and product manufacture in the district had only an "insubstantial connection" to the claims at issue).

Venue in this District fails as a matter of law and this case should be dismissed under Rule 12(b)(3).

### C. Alternatively, the Western District of Wisconsin Is a Proper and Available Venue, Satisfying § 1404(a)'s Threshold Requirement.

If the Court declines to dismiss the case, it should transfer the case to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). That statute allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to any district where the action could have been brought. "Section 1404(a) establishes three general criteria upon which a transfer motion is to be determined: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interest of justice." *Bell v. K Mart Corp.*, 848 F. Supp. 996, 998 (N.D. Ga. 1994).

Each of those factors weighs strongly in favor of transfer. It is undisputed that none of the Plaintiffs reside in Georgia, they live abroad, in Australia and Dubai. Defendants reside in Western Wisconsin, as do all material third-party witnesses with knowledge of the allegations—including printers, warehouse workers, website administers, personal assistants, accountants and corporate records custodian.[5] *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (emphasizing that transfer turns on the convenience of parties and witnesses). No party has any meaningful connection to Georgia, and no part of the events alleged in the Complaint occurred here—except for the allegation that one party electronically signed an agreement from within the state. That lone act does not justify keeping the case in this District.

The Western District of Wisconsin is not only the proper venue—it is the natural forum for this dispute. All Defendants reside there, and every material act took place there. The books are warehoused in Baldwin, Wisconsin; shipping, invoicing, and payments are handled through Baldwin, Wisconsin facilities; and all relevant documentation and physical evidence, such as the physical books, shrink-wrap evidence, print invoices, payment ledgers, the Assignment and related

[5] Defendants assume Plaintiffs will call Plaintiff Barbara O'Neill's assistant, Jaqueline Bourne, as a witness. Complaint at ¶16. There are no allegations in the Complaint that she resides in or near the Northern District of Georgia. Whereas, every material witness for Defendants lives or works within 60 miles of Baldwin, Wisconsin. See Affidavit at 14.

documentation, Wells Fargo banking records, and WESTconsin Credit Union, are maintained locally or with Defendants' CPA just across the border in Minnesota. *See* Affidavit at 15. *See Bell v. K Mart Corp.*, 848 F. Supp. 996 (N.D. Ga. 1994) (rejecting the plaintiff's choice of forum in favor of the forum closest to the parties' and witnesses' homes).

The interests of justice also compel transfer. Wisconsin—not Georgia—is where the alleged fraud had its effects. It is where the Assignment was put into motion, the intellectual property was used, where the printing, labeling, warehousing, and shipping of the allegedly infringing books took place and where any commercial consequences would be felt. Defendants operate a Wisconsin-based fulfillment hub, employing warehouse workers, pick-and-packers, and logistics personnel whose livelihoods depend on the operations that Plaintiffs now seek to unwind. Jurors in the Western District of Wisconsin have a direct stake in the outcome of this dispute. Jurors in Georgia simply do not. As the Supreme Court has long cautioned:

> "[j]ury duty is a burden that ought not to be imposed upon the people of the community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home."

*Bell v. K Mart Corp*., 848 F. Supp. 996, 1000 (N.D. Ga. 1994) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947)).

There is simply no justification for requiring a community entirely unconnected to the facts, parties, or controversy to resolve claims whose only link to Georgia is a single, electronically signed document. The equities, practicalities, and law all point to one conclusion: this case, if not dismissed, should be litigated where the facts occurred, the records are kept, the witnesses reside, and the effects will be felt—in Wisconsin.

### D. Alternatively, the Northern District of Texas is the Only Other Forum with Any Meaningful Nexus.

Alternatively, if the Court concludes that the Western District of Wisconsin is not the appropriate transferee forum, the case should be transferred to the Northern District of Texas, where Plaintiffs' fulfillment hub is located. Even that forum bears a closer nexus to the alleged conduct than Georgia, and would better accommodate the parties, witnesses, and the orderly administration of justice.

According to Plaintiffs' Complaint, Plaintiffs operate their own fulfillment center outside Dallas. (Compl. ¶ 3). That facility, staffed by Plaintiffs' employees and stocked with inventory they now sell in direct competition with Defendants, generates the shipping labels, customer invoices, and returns data that form the basis of Plaintiffs' alleged damages. (Compl. ¶ 3). Every witness who can speak to Plaintiffs' U.S. sales, quality control, and advertising is presumably located in Texas, not Georgia.

Accordingly, under Section 1404(a), venue alternatively properly lies in the Northern District of Texas because a substantial part of the events or omissions giving rise to the claim (namely Plaintiffs' warehousing and commercial activity, as well as the alleged reputational and economic harm) now occurs there. Georgia, in stark contrast, hosts no Defendant, no Plaintiff operations, no warehouse, no employees, and no shipments. If the Court does not dismiss this case and declines to transfer the case to Wisconsin, Section 1404(a) still points decisively away from Georgia and, at the very least, toward the Northern District of Texas, the only other forum with live witnesses, physical evidence, and ongoing operations tied to the dispute.

In short, if this case is not dismissed, the case belongs in a venue connected to the facts—not one selected through happenstance or strategy. The balance of convenience and fairness tips decidedly away from Georgia.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss this action for lack of personal jurisdiction and improper venue under Rules 12(b)(2) and/or 12(b)(3). In the alternative, Defendants request that the case be transferred to the Western District of Wisconsin—or, if the Court determines that district is not appropriate, to the Northern District of Texas—and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ April Meeks*

Anuj Desai (Bar No. 193889)
anuj.desai@agg.com
April Meeks (Bar No. 963911)
april.meeks@agg.com

ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
Tel: 404.873.7037

and

Derek R. Staub (*pro hac vice forthcoming*)
State Bar No. 24063017
dstaub@fbtlaw.com
Amy E. Lavalle (*pro hac vice forthcoming*)
State Bar No. 24040529
alavalle@fbtlaw.com

Frost Brown Todd LLP
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: 214.580.5826

COUNSEL FOR DEFENDANTS EMMA M. LOBERG, MISTY MOUNTAIN USA LL, and BARABRAONEILL.COM LLC

## LOCAL RULE CERTIFICATION

Pursuant to Northern District of Georgia Local Rule 7.1(D), the undersigned certifies that this pleading has been prepared in Times New Roman, 14-point type, one of the fonts and point sizes approved by the Court.

DATED: July 28, 2025.

*/s/ April Meeks*
April Meeks