**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| SHBD, LLC,<br>Barbara O'Neill,<br>Michael O'Neill,<br><br>     *Plaintiffs,*<br><br>v.<br><br>Emma M. Loberg,<br>MISTY MOUNTAIN USA LLC,<br>BARBARAONEILL.COM LLC,<br><br>     *Defendants.* | § <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ Civil Action No. <u>4:25-cv-00183-WMR</u><br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

1. Plaintiffs SHBD, LLC, Barbara O'Neill, and Michael O'Neill, for their causes of action against Defendants Emma M. Loberg, Misty Mountain USA LLC, and BarbaraOneill.com LLC, allege as follows:

## NATURE OF THE ACTION

2. This is an action for recovery of copyrights, trademark rights, and all related royalties and other proceeds therefrom, taken under duress and by deception, trickery and fraud, with unconscionable terms, by Defendant Emma

1

Loberg acting on behalf of herself and her company Defendant Misty Mountain USA LLC, and then purportedly transferred by Defendant Misty Mountain USA LLC to Defendant BarbaraOneill.com LLC, another company owned by Defendant Emma Loberg.  This is also an action for recovery of the domain name *barbaraoneill.com* deceptively and fraudulently secured by Defendant Emma Loberg, under the guise and misrepresentation of securing that domain for and in the name of Plaintiff Barbara O'Neill.  This is further an action against Defendants for violation of Plaintiff Barbara O'Neill's rights of publicity and privacy through unwarranted appropriation and exploitation of her name, likeness and personality, as well as her intellectual property.

## THE PARTIES

3.    Plaintiff SHBD, LLC, is a Wyoming limited liability company, organized October 9, 2024, and having a mailing address and office at 30 N. Gould St., Suite N, Sheridan, Wyoming. 82801.  Early in 2025, Plaintiff established a book distribution center at 5225 CR 1205, Unit 302 in Cleburne, Texas for printing and distribution of books and products respectively written by or recommended by Barbara O'Neill and Michael O'Neill in the Americas, particularly the United States, Canada, and Mexico.  This distribution center in Cleburne, Texas is Plaintiff SHBD, LLC's principal place of business.

4.     Plaintiff Barbara O'Neill is an individual, an Australian citizen domiciled in Australia and also residing in Dubai.  She is an internationally recognized and popular author, speaker and teacher, advocating a healthy lifestyle.  She provides on-line courses, holds conferences where she lectures all over the world, and has a retreat in Australia promoting keys to a healthy life. Plaintiff Barbara O'Neill spoke in Ringgold, Georgia in February 2025.  She also has written two books on her subjects which have sold millions of copies worldwide.  These books are entitled, "Self Heal by Design, The Role of Micro-Organisms for Health," and "Sustain Me, A Handbook of Natural Remedies, The 9 Foundational Pillars for Health."  Plaintiff Barbara O'Neill is the mother of Defendant Emma M. Loberg.

5.     Plaintiff Michael O'Neill is an individual, an Australian citizen residing in Australia and Dubai.  He is an international businessman and the Chief Executive Officer of SHBD LLC, a Wyoming Limited Liability Company.  He has also written a book about Plaintiff Barbara O'Neill, entitled, "The Assassination of Barbara O'Neill."  Plaintiff Michael O'Neill is the husband of Plaintiff Barbara O'Neill and the step-father of Defendant Emma M. Loberg.

6.     Defendant Emma M. Loberg is an individual, residing and doing business at 257 230th St., Baldwin, Wisconsin  54002. Defendant Loberg is the daughter of Plaintiff Barbara O'Neill, and claims to be the owner of co-defendants

Misty Mountain USA LLC and BarbaraOneill.com LLC.  Until recently, Defendant Loberg and her company Misty Mountain USA LLC also handled distribution of Plaintiffs Barbara and Michael O'Neill's books in the United States and purported to be assisting her mother, Plaintiff Barbara O'Neill, with internet marketing and protecting her intellectual property.

7.     Defendant Misty Mountain USA LLC is a Wisconsin Limited Liability Company, organized June 30, 2023, having an address at 257 230th St., Baldwin, Wisconsin  54002.  Defendant Emma Loberg's husband, Douglas M. Loberg, is the registered agent for service of process on Misty Mountain USA LLC at the same address, 257 230th St., Baldwin, Wisconsin 54002.

8.     Defendant BarabaraOneill.com LLC is a Wisconsin Limited Liability Company, organized February 13, 2025, having an address at 257 230th St., Baldwin, Wisconsin. 54002, Defendant Emma Magnolia Loberg is its registered agent for service of process at the same address.

## JURSIDICTION AND VENUE

9.     This Court has subject matter jurisdiction over claims concerning ownership and enforcement of Plaintiff Barbara O'Neill's copyrights, which claims arise under federal law, namely 17 U.S.C. § 101 et seq, and particularly § 102(a) (Copyright Act) and 28 U.S.C. § 2201 (declaratory judgment action), and involve a

federal question establishing jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) (copyrights).  That federal question concerns what constitutes an effective transfer of federal copyrights and whether federal copyrights can be effectively transferred without the clear knowledge and consent of the author/copyright owner. That federal question also concerns whether federal copyright can be transferred before the copyrights have been created, when such creation is indeterminable and indefinite at the time of the transfer, lacking scope, boundaries, subject matter, content, timing, or specific or identifiable consideration. Another applicable federal question concerns whether a copyright registration filed with purposefully incorrect ownership information can be effectively corrected later with the fraudulent agreement at Exhibit A or if such registration must be found invalid.

10.   Plaintiffs' state law claims arise out of the same case or controversy as their federal law claims, as all claims in this action arise out of a common nucleus of operative facts.  Thus, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

11.   There is also complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(3), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.   This Court has personal jurisdiction over Defendant Emma M. Loberg and Defendant Misty Mountain USA LLC because Defendant Emma M. Loberg traveled to the Ringgold, Georgia area in this Division and District on or about February 3, 2025, where she personally, and actively on behalf of herself and her company, Defendant Misty Mountain USA LLC, performed the acts complained of herein.  Those acts include, among others, obtaining, (or claiming to have obtained), fraudulently, surreptitiously, and under false pretense, the alleged electronic "signature" of Plaintiff Barbara O'Neill, on an alleged Intellectual Property Assignment Agreement. Further, while doing these acts in the Ringgold, Georgia area, Defendant Emma M. Loberg contacted and talked or otherwise electronically communicated with a Florida online notary to have notarized the alleged electronic signature on the alleged Intellectual Property Assignment Agreement.  A copy of this alleged assignment agreement is attached as Exhibit A. ("First Assignment Agreement").  When Emma M. Loberg conducted these acts, Plaintiff Barbara O'Neill was visiting the Ringgold area to speak at a conference there and was residing in a local Ringgold area Airbnb or Bed & Breakfast.

13.   This Court has personal jurisdiction over Defendant BarbaraOneill.com LLC because that company is claimed by Defendant Emma M. Loberg to be owned by her, and she transferred the intellectual property allegedly assigned in the

First Assignment Agreement to Defendant BarbaraOneill.com LLC in an Intellectual Property Assignment Agreement ("Second Assignment Agreement") after Defendant Emma M. Loberg formed that second company soon after she executed the First Assignment Agreement.  A copy of this alleged Second Assignment Agreement is attached as Exhibit B. ("Second Assignment Agreement").  In Defendant Emma M. Loberg's acting to assign the rights in the First Assignment Agreement to her new company Defendant BarbaraOneill.com LLC, she caused Defendant BarbaraOneill.com LLC to step into the shoes of Defendant Misty Mountain USA LLC and herself and to thus also be subject to the jurisdiction of this Court.

14.   Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and LR 3.1(B)(3), NDGa, where a substantial part of the events giving rise to the claims occurred.  All claims in this action arise out of a common nucleus of operative facts—facts of the events that occurred in this District, and specifically the Ringgold, Georgia area, concerning the alleged transfer of Plaintiff Barbara O'Neill's copyrights and other intellectual property, under mistake and duress, and through fraud, deception, trickery, and misrepresentation.

7

**FACTS**

15.    On or about February 3, 2025, Plaintiff Barbara O'Neill arrived in the Ringgold, Georgia area to present a conference that week.  She was weary and feeling ill having traveled from Dubai, a long trip for someone 71 years of age. Her daughter Defendant Emma M. Loberg had indicated she wanted to come to visit and had been discouraged because of Barbara O'Neill's full schedule and weariness.

16.    Defendant Loberg said she would not come, but then she arrived unexpectedly. Upon arrival, she took Plaintiff Barbara O'Neill into town to a couple of banks in search of a notary, seeking to have Barbara O'Neill sign an unknown document.  Barbara O'Neill would not do so, and returned home to nap.

17.    In the evening of that same day, Defendant Loberg announced to Barbara O'Neill's assistant, Jacqueline Bourne, that she was going to help her mother relax and fall asleep by giving her a massage after her hot shower because her mother wasn't feeling well.  Defendant Loberg took a laptop into Barbara O'Neill's bedroom after Barbara O'Neill's hot shower and refused to allow Jacqueline Bourne to accompany them.  Defendant Loberg told her mother she would give her a massage to help her relax.  Defendant Loberg than asked her mother if she could take a picture of her mother's head and face before she laid

8

down on the bed.  Barbara O'Neill didn't think anything of her daughter wanting a picture of her and so she agreed and then laid down.

18.     Defendant Loberg sat next to her mother on the bed and Defendant Loberg had her laptop on her lap.  As her mother was drifting off to sleep, Defendant Loberg began talking to a man (or someone with a male sounding voice) on the phone as best as Barbara O'Neill could determine because Defendant Loberg was using earbuds for the phone conversation.  Defendant Loberg asked Barbara O'Neill to put her finger on the computer, and Barbara O'Neill complied. As Defendant Loberg massaged Barbara O'Neill or soon thereafter, Barbara O'Neill asked Defendant Loberg why she was wanting her to put her finger on the computer and Defendant Loberg replied that she loved her and wanted to protect her. Barbara O'Neill did not understand what Defendant Loberg meant but felt so ill she just wanted to sleep. Defendant Loberg left about half an hour later.

19.     Two days later, on February 5, 2025, Barbara O'Neill's husband, Plaintiff Michael O'Neill, had a meeting with Defendant Loberg and her lawyer Derek Staub.  In that meeting, Michael O'Neill asked Defendant Loberg what her asking Barbara O'Neill to touch the computer had been for, and Defendant Loberg and her lawyer reluctantly and/or hesitantly advised Michael O'Neill that Barbara O'Neill had signed over the copyrights in all of her books to Defendant Loberg

with her fingerprint.  See this electronic "agreement," the First Assignment Agreement, at Exhibit A.

20.    Barbara O'Neill was surprised to learn of this signing and never agreed to sign ownership, rights, use or stewardship of any of her work or copyrights to Defendant Loberg.

21.    On February 26, 2025, Defendant Emma Loberg executed an Intellectual Property Assignment Agreement between her companies, Defendant Misty Mountain USA LLC as assignor and Defendant BarabaraOneill.com LLC as assignee, signing herself for both companies as "owner" of each.  See this Second Assignment Agreement at Exhibit B.

22.    This Second Assignment Agreement included all the rights in the First Assignment Agreement in dispute and more.  For example, this Second Assignment Agreement also included "all internet domain name registrations (including 'barbaraoneill.com' and social media account or user names incorporating any of the Trademarks or any acronym, abbreviation, or component thereof, and all associated web addresses, URLs, websites and web pages (including without limitation the Barbara O'Neill Website) and social media sites and pages, and all content and data thereon or relating thereto."

10

23.     On February 28, 2025, BarbaraOneill.com LLC filed U.S. trademark application serial no. 99061418 for the mark "BARBARA O'NEILL" for "Retail store services featuring books, body care products, natural herbal supplements, mineral supplements, plant care products, stickers, clothing, headwear, and all-purpose carrying bags."  That application claimed the mark was first used for these services in May 2024 and had been first used in interstate commerce in May 2024. The specimen of use of the mark provided with the application comprised screenshots from the website transferred in the Second Assignment Agreement of two days earlier--*https://barbaraoneill.com*. A generic permission form was attached wherein Barbara O'Neill gave permission for a trademark registration of her name, dated July 16, 2024, consistent with requirements of the United States Patent and Trademark Office for registration of the name of a living person as a trademark.  The permission form did not authorize Defendant Loberg or any one else (other than Barbara O'Neill) to be named as the owner of the trademark application or the trademark.  A copy of this permission form is attached as Exhibit C.

24.     Barbara O'Neill signed this permission form, provided to her by Defendant Loberg, on July 16, 2024, after Defendant Loberg had advised her that a trademark registration for "Barbara O'Neill" would help in removing counterfeit

products and books from the marketplace.  Barbara O'Neill had at that time asked Defendant Loberg to go ahead and obtain the registration, with the understanding that Defendant Loberg would name Barbara O'Neill as the owner of the registration.   Defendant Loberg not only did not name Barbara O'Neill as the owner of the trademark and the trademark application, Defendant Loberg waited to file the trademark application until after she had obtained the First Assignment Agreement (at Exhibit A) and had executed the Second Assignment Agreement (at Exhibit B).

25.    On April 7, 2025, Defendant Loberg recorded the First Assignment Agreement with the United States Copyright Office, indicating alleged assignment of the copyrights in three books allegedly from Barbara O'Neill to Misty Mountain USA LLC.  In that filing, those three books were said by Defendant Loberg to be "Self Heal by Design;" "Sustain Me" and "A Taste of Misty Mountain."

26.    Barbara O'Neill has only authored two books:  "Self Heal by Design. The Role of Micro-Organisms for Health," and "Sustain Me.  A Handbook of Natural Remedies.  The 9 Foundational Pillars for Health."

27.    On April 14, 2025, Defendant Loberg recorded at the United States Copyright Office for the book "Sustain Me A Handbook of Natural Remedies The 9 Foundational Pillars for Health," a "supplemental registration . . . [allegedly] to

correct errors on the original registration" which she asserted "were present at the time the original registration was made" [on July 26, 2024]. Defendant Loberg stated further that Copyright Claimant had "Incorrect Information" and should be "Emma Magnolia Loberg" by transfer from the author Barbara Esther O'Neill as copyright claimant pursuant to a 'written agreement.'" Defendant Loberg further stated that, "The original registration also incorrectly identified Emma Magnolia Loberg as the copyright claimant but the author had not yet executed a written assignment at the time of the application. Therefore Barbara Esther O'Neill should have been listed as both author and copyright claimant for the work, with Barbara Ester O'Neill's address."

28.    On April 21, 2025, Defendant Loberg recorded the Second Assignment Agreement with the United States Copyright Office, indicating assignment of copyrights in two books from Misty Mountain USA LLC to BarbaraONeill.com LLC. In that filing, those two books were said by Defendant Loberg to be "Sustain Me" and "A Taste of Misty Mountain."

29.    Using the First Assignment Agreement as attempted leverage, and withholding about $1 million U.S. Dollars in monies she owes Plaintiffs for purchases of books printed and distributed to her by Plaintiffs for Defendant Loberg's sale and profit (with Plaintiffs' permission at the time) prior to the First

Assignment Agreement, Defendant Loberg has pressed Plaintiff Michael O'Neill to enter into an agreement with her company Defendant BarbaraONeill.com LLC. That agreement would unfairly and without warrant require Plaintiffs to share with Defendant company BarbaraONeill.com LLC, profits on books by Barbara O'Neill and Michael O'Neill. The agreement would further require Plaintiffs to falsely acknowledge that BarbaraONeill.com LLC is the owner of "all rights and title in and to the Barbara O'Neill Assigned IP in the Territory," [defined as Canada, Mexico, and the United States of America and its territories]. A copy of this proposed Profit Sharing Agreement is attached at Exhibit D. Michael O'Neill has refused to sign it for Plaintiffs.

30.    Defendant Loberg has further pressed Plaintiff Michael O'Neill to enter into another agreement purporting to give Plaintiffs limited rights to sell "books, body care products, natural herbal supplements, clothing, headwear, bags, stickers, education materials such as course books, DVDs, or other digital format" at "events" where Barbara O'Neil "appears to speak, engage with attendees, promote her brand, and sign books, whether ticketed or free to the public," with inappropriate and unwarranted profit sharing and accounting to BarbaraONeill.com LLC. A copy of this proposed "Events Agreement" is attached at Exhibit E. Plaintiff Michael O'Neill has refused to sign it.

14

31.    To further press or extort Plaintiffs to enter into a business relationship with BarbaraONeill.com LLC, Defendant Loberg has written to Michael O'Neill, incorrectly accusing him and Barbara O'Neill of allegedly not complying with immigration and tax laws and threatening him that if they "cannot come to a signed agreement," she "will have no choice but to pursue legal action."

32.    Defendant Loberg has further reached out to third parties in an effort to interfere with Plaintiffs' business.

33.    On information and belief, Defendant Loberg has contacted at least one printer of Barbara O'Neill's books and of Michael O'Neill's book advising of her claimed ownership of the copyrights in those books.

34.    On information and belief, Defendant Loberg has contacted at least one translator of Barbara O'Neill's books and of Michael O'Neill's book advising them of her claimed ownership of the copyrights in those books.

35.    On information and belief, Defendant Loberg has contacted at least one vendor of products to Barbara O'Neill, advising them that Michael O'Neill is holding and controlling her mother, Barbara O'Neill, hostage, a slanderous remark interfering with the business of Plaintiffs.

## CLAIMS FOR RELIEF

## CLAIM ONE

## Declaratory Judgment of Invalidity/Unenforceablity of Transfer of Intellectual Property Rights

36.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 35, inclusive.

37.     An actual, present, and justiciable controversy has arisen between the parties concerning the ownership and control of the intellectual property rights and rights of publicity of Barbara O'Neill due to Defendants' efforts to obtain and independently control those rights under the guise of "authority" provided in the alleged First Assignment Agreement at Exhibit A, in conflict with the interests of Barbara O'Neill and the other Plaintiffs.

A.     **Fraud/Misstatement and Duress in Inducement of Transfer of Intellectual Property Rights**

38.     To obtain Plaintiff Barbara O'Neill's assignment of her intellectual property rights, Defendant Loberg took advantage of her familial relationship with her mother, Plaintiff Barbara O'Neill.  Defendant Loberg also took advantage of her mother's weariness, and illness from her travels, and her tiredness and sleepiness following a hot shower in the evening.  Approaching her mother in her

16

bedroom representing that she wanted to give her a massage so she could rest well, Defendant Loberg surreptitiously and egregiously sought to obtain transfer of her mother's rights to and for Defendants.

39.    To obtain Plaintiff Barbara O'Neill's assignment of her intellectual property rights, Defendant Loberg then failed to accurately represent her reason for wanting to take Plaintiff Barbara O'Neill's picture, using her child/parent relationship with Plaintiff Barbara O'Neill as undue influence with Plaintiff Barbara O'Neill to avert any questions or suspicions she might have as to why Defendant Loberg would want to take her picture.  Defendant Loberg thereby effectively concealed from Plaintiff Barbara O'Neill that Defendant Loberg was taking the picture to use for identification for electronic execution and notarization of the assignment agreement.

40.    To obtain Plaintiff Barbara O'Neill's assignment of her intellectual property rights, Defendant Loberg massaged tired, weary, and sick Barbara O'Neill until she was nearly asleep, before asking her to place and/or helping her place and/or placing her finger on Defendant Loberg's computer screen for electronic execution of the assignment agreement;

41.    To conceal from Plaintiff Barbara O'Neill the reason for placing her finger on Defendant Loberg's computer screen, when Plaintiff Barbara O'Neill

17

asked, Defendant Loberg misleadingly and vaguely advised only that she loved her mother and was trying to protect her.

42. With these intentional misrepresentations and misleading behaviors by Defendant Loberg to Plaintiff Barbara O'Neill, and Defendant Loberg's further taking advantage of Plaintiff Barbara O'Neill's general ignorance of electronic execution of agreements using computers, Defendant Loberg fraudulently obtained or attempted to obtain Plaintiff Barbara O'Neill's purported assignment of her intellectual property rights, without Plaintiff Barbara O'Neill having knowledge or intention of such assignment and without Plaintiff Barbara O'Neill even knowing she was executing an alleged agreement.

43. Defendant Loberg had intentionally failed to make Plaintiff Barbara O'Neill aware of the purported proposed agreement and its terms. Without knowledge of the proposed electronic agreement, Plaintiff Barbara O'Neill had no ability or opportunity to ascertain its terms prior to her alleged "execution" of the agreement.

44. Defendant Loberg knew that Plaintiff Barbara O'Neill did not intend to assign and had never intended to assign any of her intellectual property rights to Defendant Loberg or any of the other Defendants. Even after Plaintiffs advised Defendant Loberg and the other Defendants that Barbara O'Neill did not intend to

sign any agreement or assign any of her intellectual property rights to Defendant Loberg, none of the Defendants took any action to correct the mistake or to nullify the purported assignment.

45.    The purported assignment should be rescinded as a fraudulent transfer, or as one made by mistake, or as of no effect because Barbara O'Neill was under duress from weariness and illness and pressure to cooperate with the photograph and finger placement before she could rest.

**B.    Failure to Satisfy Requirements for An Enforceable Contract Under Common Law**

46.    The First Assignment Agreement at Exhibit A should be of no effect because it is unconscionable in its terms, and fails to show and provide for consideration, for the transfer of **_all_** of Plaintiff Barbara O'Neill's past, present (or "existing") **_and future_** copyrights and **_all_** of her trademarks **_including her own name_** purportedly assigned under it.

47.    The First Assignment Agreement should be rescinded or canceled as void from the beginning for Defendant Loberg's intentional misrepresentations in obtaining its execution.  Defendant Loberg's failure to advise of the Agreement and its terms transferring Barbara O'Neill's intellectual property, and Defendant Loberg's misrepresentations relating to the execution and notarization of the Agreement, as well as the above described duress and undue influence, each

19

warrant rescission under both Georgia and Wisconsin common law and under the Wisconsin UCC at Sec. 402.302.

48.     The First Assignment Agreement should be rescinded or canceled as void from the beginning for failure to establish a contract under Georgia and Wisconsin common law.  The Agreement fails to show all the requisite elements for a contract.  The Agreement on its face fails to set forth clear and definite consideration of legal value commensurate with the conveyance of future unspecified, uncertain, and unknown rights.  The Agreement on its face also fails to show any mutual intent to create the Agreement and the subject matter violates public policy as set forth below.  The circumstances of the alleged execution of the Agreement beg failure of the Agreement for lack of a clear and definite offer and unconditional acceptance of the terms of the offer.  There was no meeting of the minds for this Agreement.

49.     Federal law does not enforce or provide for assignment of federal copyrights in the future when such assignment is for copyrights that are not only non-existent at the time of the transfer but that are also indeterminable and indefinite as to time, subject matter, content, breadth, scope, consideration therefor, and even future existence thereof.  In addition to failing to meet requisite terms for a contract, such assignment is contrary to public policy, negating the incentive to

create, which is the purpose set forth in the U.S. Constitution for the establishment and protection of copyrights.

**C.    Failure to Satisfy Requirements for An Enforceable Contract Under UETA (O.C.G.A. § 10-12-1 *et seq.*)**

50.    The First Assignment Agreement at Exhibit A should be of no effect because it was improperly executed, if it was executed, and improperly notarized under law in Georgia, Florida, and Wisconsin, each having adopted the Uniform Electronic Transactions Act (UETA).

51.    Defendants have alleged that Plaintiff Barbara O'Neill executed the First Assignment Agreement electronically but have shown no record of such agreement being electronically executed and preserved without change.

52.    Barbara O'Neill did not consent to executing the alleged agreement electronically in advance of such alleged execution (or afterwards).

53.    Barbara O'Neill was not aware she was executing an agreement or that the execution was being notarized.

54.    Barbara O'Neill was not advised of the terms of the alleged agreement prior to the alleged execution nor did she know of the terms.

55.    Barbara O'Neill did not intentionally or knowingly execute that agreement.

56. On information and belief, no audio/visual recording was made of the electronic execution and online notarization of the alleged agreement.

57. Plaintiff Barbara O'Neill did not receive a copy of the alleged executed agreement following her alleged execution of it, nor did she receive any copy of any audio/visual recording of the electronic execution and electronic notarization of the alleged agreement.

58. The requirements necessary for a valid electronic contract under UETA were not met.

59. Plaintiffs seek declaratory judgment from this Court that Plaintiff Barbara O'Neill's intellectual property rights should be fully and completely restored to her and the First Assignment Agreement should be set aside or rescinded in its entirety.

## CLAIM TWO

### **Violation of 15 U.S.C. § 1125**
### **False Designations of Origin, False Descriptions, Misleading Representations of Fact Likely to Cause Mistake as to Affilation With or Approval by Barbara O'Neill**

60. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 59, inclusive.

61.    Defendants' applying to register and registering Barbara O'Neill's copyrights and trademarks in the name of one of the Defendants and attaching documents purporting to assign Barbara O'Neill's rights or to give Barbara O'Neill's permission for the registrations are likely to mislead the public into thinking that Barbara O'Neill intended such assignment and/or permission to one or more Defendants, when she did not.

62.    Defendants' use of Barbara O'Neill's name in a website domain for Defendants' products is likely to mislead the public into thinking that Barbara O'Neill is the source of those products or has endorsed or approved them, when she is not the source and has not endorsed or approved the products.

63.    Defendants' use of Barbara O'Neill's pictures and announcements about Barbara O'Neill's upcoming and past speaking events in a website domain are likely to mislead the public into thinking that Barbara O'Neill is affiliated with Defendants when she is not, and/or that Barbara O'Neill has control over the website domain when she does not.

64.    Defendants' claim of control over the printing, translating, and sales of books authored by Barbara O'Neill and/or Michael O'Neill is likely to mislead the public into thinking that Barbara O'Neill and/or Michael O'Neill are profiting from those sales of books by Defendants when they are not.

65.    Defendants' use of Barbara O'Neill's name, likeness, trademarks, books, and products, are likely to mislead the public into thinking that Defendants' are Barbara O'Neill when they are not, or that Barbara O'Neill is associated with them, sponsoring, them or endorsing them, when she is not.

66.    These actions by Defendants cause Plaintiff Barbara O'Neill and the other Plaintiffs to lose control over the image and association of Plaintiff Barbara O'Neill to the detriment of Plaintiffs, for which no money can compensate. Consequently, Plaintiffs are entitled to injunctive relief.

67.    These actions by Defendants are contrary to law. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover the profits earned by Defendants. Plaintiffs are further entitled to recover their actual damages and reputational damages.  Additionally, Defendants should pay for correctional advertising by Plaintiffs and/or advice to printers, translators, and vendors as desired by Plaintiffs.

68.    Plaintiff Barbara O'Neill's intellectual property rights should be fully and completely restored to her.  The domain name *barbaraoneill.com* should be returned to Plaintiff Barbara O'Neill for only Plaintiffs' ownership and control and no linking or other association by any of Defendants whatsoever.

## CLAIM THREE

## Misappropriation of Name and Likeness and Violation of the Right of Publicity of Barbara O'Neill Under Georgia Common Law

69.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 68, inclusive.

70.    Defendants have appropriated the name and likeness of Barbara O'Neill for their own financial gain without her permission.

71.    Defendants have used the name and likeness of Barbara O'Neill to advertise their own products and services as if they were approved or endorsed by Barbara O'Neill when they are not.

72.    Defendants have used the name and likeness of Barbara O'Neill for false association with Barbara O'Neill to obtain interest from and/or acceptance of and/or trust by the public, benefitting Defendants' commercial endeavors, when Barbara O'Neill has not intended such interest, acceptance, or trust by the public with respect to Defendants or their commercial endeavors.

73.    Plaintiff Barbara O'Neill is entitled to recover the value of Defendants' appropriation of her name and likeness, and a disgorgement of Defendants' profits.

25

74.    Plaintiff Barbara O'Neill is entitled to recover punitive damages under O.C.G.A. § 51-12-5.1 (2024).

75.    Because of Defendants' bad faith, as shown by their egregious conduct in taking and exploiting Plaintiff's intellectual property and domain using her name, Plaintiff Barbara O'Neill is entitled to recover her attorneys fees under O.C.G.A. §13-16-11 (2024).

## CLAIM FOUR
### Trover or Conversion
### O.C.G.A. 9-10-201 (2024)

76.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 75, inclusive.

77.    During the time when Plaintiffs originally gave Defendant Loberg and Defendant Misty Mountain USA LLC authorization to obtain at a substantially deep discount Plaintiff Barbara O'Neill's books and Plaintiff Michael O'Neill's book to resell them and retain the proceeds for herself, Defendant Loberg acquired the domain name barbaraoneill.com, purportedly on behalf of Plaintiff Barbara O'Neill.  Defendant Loberg helped her mother set up a website at that domain from which books and other merchandise were sold, particularly products bearing Barbara O'Neill's name and Defendants' branded products with an apparent endorsement by or approval of Barbara O'Neill.  The website was also used to

26

advertise upcoming speaking engagements by Barbara O'Neill and to sell tickets for those events.  During this time, Plaintiffs were helping Defendant Loberg and Defendant Misty Mountain USA LLC and the parties were working together as a family, or so Plaintiffs thought.

78.    By the time of filing this lawsuit, however, Defendant Loberg had retained the domain name *barbaraoneill.com* in her own name or in another of Defendants' names and had taken full control of the website, to the exclusion of Plaintiffs, all the while using and causing the website to appear to be under the control and use of Plaintiffs when it no longer was.  Defendants even used the mailing list associated with and obtained through the website and/or Barbara O'Neill's speaking engagements to communicate with customers and potential customers at the site, misleading those customers into believing that Barbara O'Neill was herself communicating with them or communicating with them through Defendant Loberg or another of Defendants or was endorsing communications with them by one or more of the Defendants, when Barbara O'Neill was not.

79.    Defendants' actions constitute an unauthorized assumption and exercise of the right of ownership over the website, the mailing list, and the domain in hostility to Plaintiffs' ownership rights.

80.    Defendants' actions of dominion over the website, domain, and mailing list are inconsistent with Plaintiffs' rights, and constitute an unauthorized appropriation.

81.    Notwithstanding Plaintiffs' demands to Defendants to stop and return these properties to Plaintiffs, which Plaintiffs claim belong to Plaintiff Barbara O'Neill, Defendants have refused.  Instead, Defendants have expanded their actions and representations of domination, causing confusion in the marketplace as to whether Plaintiff Barbara O'Neill is associated with the *barbaraoneill.com* website, the products being sold there, and the communications and information extending from the website and mailing list.

82.    Wherefore, Plaintiffs demand judgement against Defendants for return of the *barbaraoneill.com* domain, website, and mailing list to Plaintiff Barbara O'Neill.

## CLAIM FIVE
### Collection of Outstanding Debt–Payment Withheld in Bad Faith

83.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 82, inclusive.

84.    In further acts of bad faith, Defendants have failed to pay Plaintiffs for thousands of copies of books Plaintiffs provided to Defendants Misty Mountain

28

USA LLC and Defendant Loberg for resale by Defendants for Defendants' own businesses and profit.  Two outstanding invoices from March 2025 and April 2025, totaling $1,092,112.00 are attached as Exhibit F.

85.    Plaintiffs have repeatedly reminded Defendant Loberg and Defendant Misty Mountain USA LLC that they should pay the invoices or return the books in good condition for sale, consistent with their course of dealings and understandings when these Defendants acquired the books that are the subject of the invoices.

86.    Instead Defendants have held back the monies due and refused to return the books, using these hold-backs as leverage in an effort to cause Plaintiffs to enter into a profit sharing agreement and an events sharing agreement with them, through which Defendants would then further profit from Plaintiffs' efforts through Defendants' bad acts in taking and exploiting Plaintiff Barbara O'Neill's intellectual property, domain name, mailing list, and personal name and likeness, as well as her continued labors in presenting talks at conferences and otherwise making public appearances.

87.    Plaintiffs should recover their attorneys fees, which Defendants' bad faith and egregious actions caused in making this lawsuit necessary, in addition to the monies due under the invoices at Exhibit F.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs SHBD, LLC, Barbara O'Neill and Michael O'Neill, respectfully request that the Court:

### *Following a hearing after filing of this Amended Complaint:*

1.   Provide preliminary relief in the form of a **Preliminary Injunction**:

(a)   enjoining all Defendants from using Barbara O'Neill's intellectual property or interfering with the use, enforcement, and protection of that intellectual property by her or the other Plaintiffs, including without limitation enjoining all Defendants from making claims to, or taking any actions to control or associate with, Barbara O'Neill's intellectual property with the United States Copyright Office, the United States Patent and Trademark Office, or any third parties;

(b)   enjoining all Defendants from themselves using or aiding any third parties in using Plaintiff Barbara O'Neill's name on the internet or in any social media, including without limitation, enjoining all Defendants from using or linking to or referring to the domain name and website at *barbaraoneill.com*; and enjoining all Defendants from preventing Barbara O'Neill from linking her domain and website at *officialbarbaraoneill.com* with *barbaraoneill.com.*

(c)   enjoining Defendants from using Barbara O'Neill's name or likeness in association with Defendants or any products or services that Defendants

30

may have for sale or for free distribution in promotion of Defendants products or services or businesses or affiliations.

*__After full adjudication of the merits of Plaintiffs' claims:__*

2.      Enter **__Judgment__** that Barbara O'Neill did not assign any of her intellectual property rights, her rights to her name for use in a domain name, her rights to that domain name and website, or her rights of publicity and privacy, to any of the Defendants, and that all such rights are to be returned and restored to Barbara O'Neill, and the purported assignments at Exhibits A and B to this Complaint and any other or related assertions of ownership by any of Defendants are null and void;

3.      Enter a **__Permanent Injunction__** enjoining all Defendants from interfering with or using Planitiff Barbara O'Neill's intellectual property, her domain name or website at *barbaraoneill.com,* or her likeness or name in any advertising or social media or other domain name;

4.      Provide an **__Award of Damages__**:

        (a)    comprising the funds Defendant Loberg and any of the other Defendants have withheld for book purchases she or the other Defendants made of Defendants' books prior to February 3, 2025 for Defendants' resale or other distribution for their own profit and/or benefit, and particularly ORDER that

31

Defendant Misty Mountain USA LLC pay the past due invoices amounting to $1,092,112.00;

(b)   compensating Plaintiffs for use of their copyrights to collect monies for, or to control, the printing, translating, distribution and sale of, any books authored by Plaintiff Barbara O'Neill or Plaintiff Michael O'Neill;

(c)   compensating Plaintiffs for use of any of their trademarks to sell any products or services;

(d)   as provided for in 15 U.S.C. § 1117 for Defendants' violation of 15 U.S.C. § 1125, including actual and reputational damages, an award of correctional advertising, and an award of Defendants' profits, as well as injunctive relief.

(e)   compensating Plaintiff Barbara O'Neill for misappropriation of her name and violation of her right of publicity, including a disgorgement of Defendants' profits, punitive damages as provided in O.C.G.A. § 51-12-5.1 (2024), and her attorneys fees under O.C.G.A. §13-16-11 (2024).

5.   Enter a finding that Defendants' conduct complained of in this lawsuit was unconscionable and egregious, meriting an **Award of Enhanced Damages, Attorneys Fees, and Costs** to Plaintiffs and order that award.

OTHER FURTHER RELIEF to which Plaintiffs maybe entitled as a matter of law or equity, which the Court determines to be just and proper.

Dated: August 11, 2025

Respectfully submitted,

*/s/David E. Oles, Sr.*

David E. Oles, Sr.
Attorney for Plaintiffs
Georgia Bar No. 551544
5755 Northpoint Parkway
Suite 25
Alpharetta, GA. 30022
(770) 753-9995
firm@deoleslaw.com

/s/*Karen B. Tripp*

Karen B. Tripp
Attorney at Law
**Admitted Pro Hac Vice**
Texas State Bar No.: 03420850
4264 San Felipe, Suite 1100
Houston, TX 77027
(713) 658-9323 office phone.
(832)798-7576 cell phone
*ktripp@tripplaw.com*
*tripp.karen@gmail.com*
**Attorneys for Plaintiffs**,
SHBD, LLC, Barbara O'Neill,
and Michael O'Neill

CERTIFICATE OF SERVICE

I hereby certify that on Monday, August 11, 2021, the foregoing

PLAINTIFFS' FIRST AMENDED COMPLAINT was electronically filed with the

Clerk of Court using the CM/ECF system which will send notification of such

filing to Defendants' Attorneys as follows:

Amy E. LaValle and Derek Ryan Staub
Frost Brown Todd LLP
2101 Cedar Springs Road
Suite 900
Dallas, TX. 75201
alavalle@fbtlaw.com
dstaub@fbtlaw.com

Anuj Desai and April Michelle Meeks
Arnall Golden Gregory, LLP-ATL
171 17th St., N.W.
Suite 2100
Atlanta, GA. 30363-1031
anuj.desai@agg.com
april.meeks@agg.com

Dated:  August 11, 2025                                    */s/karen tripp*
                                                          Karen B. Tripp

34