# EXHIBIT E

# EVENT SALES AGREEMENT

This **EVENT SHARING AGREEMENT** (this "Agreement") is entered into effective as of _____ __, 2025 ("Effective Date"), by and between BarbaraONeill.com LLC, a Wisconsin limited liability company ("Owner"), and Self Heal By Design L.l.c-fz ("Payee"). Owner and Payee are sometimes referred to herein individually as a "Party", and collectively as the "Parties".

## RECITALS

**WHEREAS**, Owner and Payee are parties to that certain Profit Sharing Agreement, entered into as of the date hereof, which governs the sale and distribution of certain works owned by Owner (the "Profit Sharing Agreement"), and this Agreement is attached to, and made part of, the Profit Sharing Agreement;

**WHEREAS**, Owner desires to allow Payee to sell the Works at certain promotional events subject to the specified conditions herein, including proper accounting, reimbursement of costs, and compliance with tax obligations;

**WHEREAS,** Owner desires to also sell certain Works at certain promotional events, including tangible assets used in connection with the Trademarks, including without limitation books, body care products, natural herbal supplements, clothing, headwear, bags, stickers, education materials such as course books, DVDs, or any other digital format

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the Parties agree as follows:

## AGREEMENT

1.     **Definitions.** Unless the context requires otherwise, words in the singular include the plural, words in the plural include the singular, and words importing any gender shall be applicable to all genders. If a term is defined as one part of speech (such as a noun), it shall have a corresponding meaning when used as another part of speech (such as a verb). All capitalized terms used but not otherwise defined herein shall have the respective meanings assigned to them in the Profit Sharing Agreement.   Additionally, the following capitalized terms shall have the meaning set forth in this section:

*"Event(s)"* means any promotional or speaking engagements, conventions, exhibitions, or other gatherings where Barbara O'Neill appears to speak, engage with attendees, promote her brand, and sign books, whether ticketed or free to the public.

2.     **Events and Reimbursement of Costs**. Subject to the other terms of this Agreement and the Profit Sharing Agreement, Owner hereby grants Payee the limited and revocable right to sell the Works solely at the Events in the Territory. Owner will also be allowed to sell the Works at the same Events in the Territory. With respect to any Works sold by Payee at the Events, Owner and Payee agree to allocate certain costs and other obligations as follows:

(a)     **Reimbursement of Printing and Shipping Costs**: Owner shall pay all costs associated with the printing and shipping of the Works for Events. Payee shall reimburse Owner for these costs within fourteen (14) days (Net 14) of receiving an invoice from Owner.

(b)     **Accounting and Payment Obligations**. Within **seven (7) days** following each Event, Payee shall provide Owner with a written report detailing the following:

- The total number of Works sold at the Event(s);
- The total gross sales revenue generated from the sale of Works by Payee;
- A breakdown of sales by payment method (i.e., credit card vs. cash);
- The total number of tickets sold for entry to the Event, if applicable; and
- Any additional relevant financial data requested by Owner.

(c)     **Tax Obligations**.  Payee shall be solely responsible for filing and remitting all applicable taxes on all sales made at Events. Payee must provide documentary evidence to Owner confirming that all taxes owed have been properly reported and paid.

3.     **Covenants of Payee.**  Payee acknowledges and agrees that the covenants of Payee in the Profit Sharing Agreement shall apply to this Agreement and are incorporated by reference herein.

4.     **Representations and Warranties of Payee**. Payee represents and warrants to Owner that the representations and warranties of Payee in the Profit Sharing Agreement shall apply to this Agreement and are incorporated by reference herein.

5.     **Term.** This Agreement shall commence on the Effective Date and continue until the end of the Term on the same terms and conditions as the Profit Sharing Agreement.

6.     **Termination.** This Agreement shall be terminated in accordance with the termination provisions of the Profit Sharing Agreement, which are incorporated by reference herein.  Additionally, if Payee breaches any covenants, representations or other terms and conditions of this Agreement or the Profit Sharing Agreement, Owner may revoke the limited right granted to Payee herein upon seven (7) days' prior written notice to Payee, and upon the termination date specified in such written notice, Payee shall not longer be entitled to sell the Works at any Events.

7.     **Indemnification**.  PAYEE HEREBY AGREES TO INDEMNIFY OWNER AND ITS AFFILIATES, OFFICERS, DIRECTORS, EMPLOYEES AND AGENTS AND HOLD THEM HARMLESS FROM ANY AND ALL CLAIMS, LIABILITIES, DAMAGES, COSTS OR OBLIGATIONS (INCLUDING REASONABLE LEGAL FEES AND DEFENSE COSTS) RESULTING FROM OR IN CONNECTION WITH ANY BREACH OR FAILURE BY PAYEE TO COMPLY WITH: (A) ANY TERM OR CONDITION OF THIS AGREEMENT, OR (B) ANY LAW, REGULATION OR GOVERNMENTAL ORDER.

8.     **Integration with Profit Sharing Agreement**. This Agreement shall be read in conjunction with the Profit Sharing Agreement, and in the event of any conflict, the terms of the Profit Sharing Agreement shall prevail.

9.     **General Provisions.**

(a) **Independent Contracting Parties**. The Parties are not joint venturers, partners, principal and agent, master and servant, or employer and employee, and have no relationship other than as

Event Sales Agreement

independent contracting parties. Neither Party shall be a legal representative of the other or have the power to bind or obligate the other in any manner.

(b) **Amendment and Modification**. This Agreement may be amended, modified or supplemented only by an instrument in writing signed by the Party against whom such amendment, modification or supplement is sought to be enforced.

(c) **Waiver of Compliance; Consents**. The rights and remedies of the Parties are cumulative and not alternative and may be exercised concurrently or separately. No failure or delay by any Party in exercising any right, power or privilege under this Agreement shall operate as a waiver of such right, power or privilege, and no single or partial exercise of any such right, power or privilege shall preclude any other or further exercise of such right, power or privilege or the exercise of any other right, power or privilege. To the maximum extent permitted by applicable law, (i) no waiver that may be given by a Party shall be applicable except in the specific instance for which it is given, and (ii) no notice to or demand on one Party shall be deemed to be a waiver of any obligation of such Party or of the right of the Party giving such notice or demand to take further action without notice or demand as provided in this Agreement. Any consent required or permitted by this Agreement is binding only if in writing.

(d) **Notices**. All notices, consents, waivers, acceptances, rejections and other communications hereunder shall be made in accordance with the notice provisions of the Profit Sharing Agreement.

(e) **Publicity**. No Party shall issue any press release or any other form of public disclosure regarding the existence of this Agreement or the terms hereof, or use the name of another Party hereto in any press release or other public disclosure, without the prior written consent of the other Party, except for those disclosures and notifications contemplated by this Agreement or containing information previously approved for disclosure by the other Party or as required by any law and solely to the extent necessary to satisfy such legal requirement.

(f) **No Assignment**. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and permitted assigns. Neither this Agreement nor any of the rights, interests or obligations hereunder shall be assigned or delegated by Payee without Owner's prior written consent.

(g) **Governing Law**. The execution, interpretation and performance of this Agreement, and any disputes with respect to the transactions contemplated by this Agreement, shall be governed by the internal laws and judicial decisions of the State of Texas applicable to contracts made and to be performed entirely within the State of Texas, exclusive of its conflicts of law rules.

(h) **Remedies.** The rights and remedies of Owner under this Agreement are cumulative. Without limiting the foregoing, Owner's rights and remedies are independent of, and in addition to, such rights and remedies as Owner may have at law or in equity or otherwise for any misrepresentation, breach of warranty, breach of representation, or failure to fulfill any covenant, agreement, or obligation hereunder on the part of Payee, including the right to seek specific performance, injunction, rescission or restitution, none of which rights or remedies shall be affected or diminished hereby.

(i) **Attorneys' Fees**. If legal action is commenced to enforce this Agreement, each Party shall pay its own costs and attorneys' fees in connection with any such action, however the prevailing party in any such action shall be entitled to recover all attorneys' fees of pursuing or defending an action under this Agreement.

(j) **Severability**. If any provision contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein, unless the invalidity of any such provision substantially deprives either Party of the practical benefits intended to be conferred by this Agreement. Notwithstanding the foregoing, any provision of this Agreement held invalid, illegal or unenforceable only in part or degree shall remain in full force and effect to the extent not held invalid or unenforceable, and the determination that any provision of this Agreement is invalid, illegal or unenforceable as applied to particular circumstances shall not affect the application of such provision to circumstances other than those as to which it is held invalid, illegal or unenforceable.

(k) **Construction**. Each Party acknowledges that it and its attorneys have been given an equal opportunity to negotiate the terms and conditions of this Agreement and that any rule of construction to the effect that ambiguities are to be resolved against the drafting party or any similar rule operating against the drafter of an agreement shall not be applicable to the construction or interpretation of this Agreement.

(l) **Incorporation of Recitals**. The Recitals hereto are an integral part of this Agreement and are hereby incorporated into this Agreement as if fully set forth herein.

(m) **Counterparts**. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Agreement may be executed on signature pages exchanged by facsimile, in which event each Party shall promptly deliver to the other such number of original executed copies as the other Party may reasonably request.

(n) **Entire Agreement**. This Agreement, together with the Profit Sharing Agreement, constitutes the entire agreement and understanding of the Parties hereto in respect of the subject matter hereof. This Agreement supersedes all prior agreements, understandings, promises, representations and statements between the Parties and their representatives with respect to the royalty and Payment contemplated by this Agreement.

**Signature Page Follows.**

Event Sales Agreement

**IN WITNESS WHEREOF**, the Parties hereto have duly executed this Agreement as of the Effective Date.

| | |
|---|---|
| **Owner:** | **Payee:** |
| **BarbaraONeill.com LLC,**<br>**a Wisconsin limited liability company** | **Self Heal By Design L.l.c-fz** |
| By: <u>Emma Loberg</u> | By: <u>Michael O'Neill</u> |
| Name:_____ | Name:_____ |
| Title: <u>Owner</u> | Title:_____ |